```
                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| PREFERRED CARE | ) | |
| OF DELAWARE, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Action No. 5:15-cv-342-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SIMM VANARSDALE, | ) | **MEMORANDUM OPINION AND ORDER** |
| as Administrator of Estate | ) | |
| of Judith VanArsdale, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

                    **    **    **    **    **

On November 16, 2015, Plaintiffs filed their complaint, seeking a declaration that Defendant's nursing home negligence claims against them must be arbitrated, as opposed to being tried before a jury in Madison County Circuit Court, where a suit is pending. On December 2, 2015, Plaintiffs moved for a preliminary injunction, asking this court to enjoin the state court proceedings. In particular, Plaintiffs wished to prevent the state court from ruling on the enforceability of the arbitration agreement. Citing the Federal Arbitration Act, Plaintiffs argued that federal court was the proper forum to decide its enforceability. Based on the provisions of the Anti-Injunction Act, however, this court had no authority to stay the state court proceedings at that time. *See* DE 18. While the parties briefed

the enforceability of the arbitration agreement in this court, the same issue was pending in state court.  On December 14, 2015, the Madison Circuit Court issued a ruling holding that the arbitration provision was unenforceable, as there had been no agreement to arbitrate the matter between the parties.[1]  See DE 14-1.

Plaintiffs argue that since no final judgment has issued in state court, neither res judicata nor issue preclusion applies, and this court is not bound by the state court's decision.  The court agrees, see *Hapgood v. City of Warren,* 127 F.3d 490, 493 (6th Cir. 1997), *Yeoman v. Com.*, 983 S.W.2d 459, 465 (Ky. 1998), but deems it appropriate to determine whether *Colorado River* abstention should be applied in this instance. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The court notes that, despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998).  In considering whether to abstain from exercising jurisdiction, the court must consider several factors.  The threshold determination

---

[1] Based on the Kentucky Supreme Court's decision in *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012) along with the Sixth Circuit's decisions in *Richmond Health Facilities, et al. v. Nichols*, No. 15-5062, 2016 WL 192004 (6th Cir. Jan. 15, 2016) and *Pine Tree Villa, LLC v. Brooker*, 612 F. App'x 340 (6th Cir. 2015), this Court agrees.

is whether the concurrent state and federal actions are actually parallel. *Id*. The court concludes that they are. The parties are identical, save one—one of two nursing home administrators. Importantly, there is certainty that the state litigation, if seen through to its conclusion, will dispose of all claims presented in the federal case. *See AEP Indus., Inc. v. UTECO Am., Inc.*, 1:14-cv-96-GNS, 2015 WL 1298556, *7 (W.D. Ky. March 23, 2015).

Having concluded that the federal and state court proceedings are parallel, the court turns its inquiry to the other *Colorado River* factors. *See* 424 U.S. at 818–19. The first factor, whether the state court has assumed jurisdiction over any property, weighs against abstention, as there is no indication that it has. The second factor weighs slightly against abstention, as there is no indication that the federal forum in Lexington is less convenient to the parties than the state forum in Richmond, where the events at issue took place, approximately 20 miles away. An additional consideration is the order in which jurisdiction was obtained. *Romine*, 160 F.3d at 341. VanArsdale filed his complaint in state court approximately one month before Preferred Care and the other plaintiffs filed theirs here. Accordingly, this factor weighs in favor of abstention.

The consideration that was paramount in *Colorado River* itself was avoiding piecemeal litigation. *Id.* (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983)).

3

"Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Id.* When cases proceed on parallel tracks in federal and state court, the legitimacy of the court may be placed in jeopardy by "duplicative suits that are the product of gamesmanship or that result in conflicting adjudications." *Id.* (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1985)). This consideration favors strongly toward abstention.

Another consideration is the source of governing law, state or federal. *Moses H. Cone*, 460 U.S. 23–26. While the Federal Arbitration Act "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts . . . a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Richmond Health Facilities v. Nichols*, No. 15-5062, 2016 WL 192004, *2 (6th Cir. Jan. 15, 2016) (citations omitted). In determining the enforceability of an arbitration agreement, we apply state law of contract formation. *Id.* "When it comes to state laws applicable only to arbitration provisions, however, the FAA preempts those state laws." *Id.* (citations and alterations omitted). In *Ping v. Beverly Enterprises, Inc.*, 376 S.W.3d 581 (Ky. 2012), the Kentucky Supreme Court held that a nursing home resident's daughter did not have authority to enter into an arbitration agreement based on a

4

"general" power of attorney that referred exclusively to property and finances. In *Pine Tree Villa, LLC v. Brooker*, 612 F. App'x 340, 345 (6th Cir. 2015), the Sixth Circuit concluded that *Ping* was not hostile to arbitration and, thus, was not preempted by the FAA.[2] The court distinguished *Ping* from a case in which the agent did have authority to agree to arbitration because, for example, the POA authorized the agent "to draw, make and sign any and all checks, contracts, or agreements." *Id.* at 345 (citing *Oldham v. Extendicare Homes, Inc.*, No. 5:12-cv-199, 2013 WL 1878937 (W.D. Ky. May 3, 2013)), *see also GGNSC Vanceburg, LLC v. Taulbee*, No. 5:13-cv-71, 2013 WL 4041174, *8 (E.D. Ky. Aug. 7, 2013) (attorney in fact was explicitly authorized to "make contracts" and "draw, make and sign . . . all checks, promissory notes, contracts, or agreements."). Because the FAA does not preempt *Ping*, and state law applies to the enforceability of the arbitration agreement, this factor weighs in favor of abstention.

There are three additional factors left to consider, including: the adequacy of the state court action to protect the federal plaintiffs' rights; the relative progress of the state and federal proceedings; and the presence or absence of concurrent jurisdiction. *Romine*, 160 F.3d at 341 (citations omitted). As

---

[2] While *Nichols*, No. 15-5062, 2016 WL 192004, *2 (6th Cir. Jan. 15, 2016), focused on a patient's inability to bind her executrix to arbitration of wrongful death claims, the Sixth Circuit reiterated that *Ping* is not preempted by the FAA.

5

the court has stated, the enforceability of the arbitration agreement is an issue of state law.  There is no indication that the state court cannot or will not adequately protect Plaintiffs' interests going forward.  With respect to the progress of the proceedings, the state court issued a ruling on the arbitrability of the underlying claims on December 14, 2015.  The Court can only assume that litigation has been progressing in the usual manner since then.  Further, as it appears that this matter may be settled more expeditiously in state court, this court is "under no compulsion to exercise [its] jurisdiction." *Will v. Calvert*, 437 U.S. 655, 662 (1978).

After a careful balancing of all the factors articulated above, the court concludes that abstention is appropriate in this instance.  Accordingly, **IT IS ORDERED** that:

(1)   That this matter is hereby **STAYED** pending the parallel action in Madison Circuit Court;

(2)   That the pending motions in this matter, [DE 6, 8], are hereby **DENIED AS MOOT**;

(3)    That the Plaintiffs are **ORDERED** to file a Notice of Status of State Court Proceedings once every six (6) months until the parallel state court proceeding has been fully adjudicated; and

6

(4) That the Plaintiffs are further **ORDERED** to file a Notice of Completion of State Court Proceedings as soon as the parallel state court action has been fully adjudicated.

This the 26th day of January, 2016.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge